UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MOSES WALKER,                          )        CASE NO. 1:07 CV 3239
                                       )
            Plaintiff,                 )
                                       )        JUDGE KATHLEEN M. O'MALLEY
        v.                             )
                                       )
JIMMY DIMORA, et al.,                  )        MEMORANDUM OF OPINION
                                       )        AND ORDER
            Defendants.                )

        On October 22, 2007, pro se plaintiff Moses Walker filed this action against
Cuyahoga County Commissioner Jimmy Dimora, Cuyahoga County Commissioner Timothy F.
Hagan, Cuyahoga County Commissioner Peter Lawson Jones, Cuyahoga County Department of
Children and Family Services ("DCFS") Director Jim McCafferty, Cuyahoga County DCFS Senior
Supervisor Vikki Csornok, Cuyahoga County DCFS Customer Service Representative Christopher
Walters,  Cuyahoga County DCFS Customer Service Representative Latesha Brown, Cuyahoga
County DCFS Customer Service Representative Erike Gaiter, Cuyahoga County DCFS Customer
Service Representative Susan Preuss, Cuyahoga County Common Pleas Court Judge Timothy
McCormick, and Assistant Cuyahoga County Prosecutor Diane Smilanick.  In the complaint,
plaintiff asserts that the defendants failed to immediately change a DCFS services determination of

child abuse after he was acquitted of criminal charges pertaining to the same matter.  He seeks monetary and injunctive relief.  Mr. Walker also filed an Application to Proceed In Forma Pauperis. That Application is granted.

Mr. Walker filed an Amended Complaint on January 10, 2007.  It is apparent on the face of the pleading that Mr. Walker intended this document to be considered as a supplemental pleading rather than an amended pleading which would take the place of the original complaint. The court will therefore construe the document titled "Amended Complaint" as a supplement to the original complaint.

## Background

On October 18, 2004, the Cuyahoga County DCFS received a complaint alleging that Mr. Walker fondled a child.  Pursuant to Ohio Revised Code § 2151.421, an investigation was conducted into the allegations, which resulted in a determination on November 5, 2004 that sexual abuse was indicated.  Mr. Walker was informed of the determination and was told the findings would be shared with local law enforcement and the State of Ohio Central Registry for Child Abuse and Neglect.  He was further told that if he disagreed with the determination, he could appeal the decision through the Cuyahoga County DCFS Grievance Procedure.

Mr. Walker was indicted on one count of kidnaping, and two counts of gross sexual imposition on February 24, 2005.  The case proceeded to trial on July 25, 2005.  The jury returned a verdict of not guilty on count 2 of the indictment.  Mr. Walker was granted acquittal on counts one and three by the court pursuant to Ohio Criminal Rule 29.  He was ordered released from custody.

Thereafter, Mr. Walker communicated with DCFS regarding the verdict on the criminal charges.  He apparently asked them to change their determination from "indicated" abuse

2

to "unsubstantiated" allegations.  DCFS initially refused to do so, informing Mr. Walker that he must go through the administrative appeals process.  After an administrative hearing in December 2006, DCFS determined that the disposition of sexual abuse indicated should stand unchanged, regardless of the outcome of the criminal proceedings.  Mr. Walker appealed that decision to the Director of DCFS.  On August 8, 2007, Mr. Walker was informed by Director James McCafferty that the disposition was changed to "unsubstantiated" as he requested.

Mr. Walker contends that by failing to change their finding in response to his acquittal on criminal charges, the defendants caused him severe emotional distress.  He claims they "used the Ohio Revised Code for their own malicious and deceitful agenda."  (Compl. at 5.)  He states that "it is not possible to correctly know all who have been misinformed by this act of State Government, as that, Plaintiff cannot see a thought nor feel an emotion."  (Compl. at 5.)  He indicates that his mental issues have been magnified by the defendants.  Although he doesn't give an indication in the body of his pleading of the claims he seeks to assert, the case caption suggests that he is filing a "complaint for conspiracy, intentional negligence and emotional distress." (Compl. at 1.)  He also suggests that "Assistant Prosecuting Attorney Diane Smilanick...maintains that records of applicant not guilty case out weigh Applicant's interest in having it sealed" and adds "sealed records are in the interests for one whom was wrongfully charged to not have to bear any hardship due to the indictment that was rendered."  (Compl. at 5.)

Finally, in the "Amended Complaint," Mr. Walker complains that he was arrested for the felonious assault of Merlin Peterson, who Mr. Walker contends was an agent from DCFS. He states, "There's countless incidents thats [sic] are numberous [sic], indeed.  The numberous [sic] other incidents are mental and emotional conflicts with the residents in the City of Cleveland

3

Heights." (Am. Compl. at 1.)  He concludes, "If not for the law enforcement highest ranked official it would be too much for me to bear dealing with the ignorance of some residents in Cleveland Heights."

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).  A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8.  As no other basis for federal jurisdiction is reasonably indicated, jurisdiction must be premised, if at all, on a federal question.  Claims of negligence and intentional infliction of emotional distress are

---

[1]     An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

matters of state law and do not give rise to jurisdiction in federal court.  A claim of conspiracy could arise under 42 U.S.C. § 1985.  To establish a violation of § 1985, however, plaintiff must allege that the defendants conspired together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus.  Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999).  Plaintiff alleges no facts to suggest that any of the defendants conspired together to deprive him of his right to equal protection of the law or that their actions were in any way motivated by his race.  Even liberally construed, the complaint contains no facts which reasonably support the existence of federal jurisdiction.

### Conclusion

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e), without prejudice to any claims the plaintiff may assert under state law.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED:  January 14, 2008

---

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

5